The People v. Thayers.

---

ERIE OYER AND TERMINER. April, 1825. Before *Walworth*, Circuit Judge, and *Walden, Russell, Camp* and *Douglass*, county Judges.

THE PEOPLE *vs.* ISAAC THAYER AND ISRAEL THAYER, Jr.

Where two or more persons, jointly indicted for murder, are tried together, only twenty peremptory challenges can be allowed to all the defendants.

On a trial for murder, it appeared that the father of the defendants had been arrested and examined before a magistrate on a complaint against him for the same murder, and that on such examination one of the defendants, who was also at the same time under arrest for the murder, came forward as a volunteer witness and testified on such examination; *Held*, that his statements, made under oath, on such examination, were admissible in evidence against him.

On a trial for murder, it is competent for the public prosecutor to prove what the defendant testified to, before a coroner's jury, at an inquest held on the body

of the deceased, though it appears the defendant with other persons was at the time under arrest for the alleged murder, the inquiry on such inquest not having been as to the guilt of the defendant, but being general, to ascertain, if possible, who was the murderer.(a)

In criminal trials, the jury have a right to decide both as to the law and facts of the case. (b) The court is bound to decide the questions of law and to state them to the jury; but the jury have a right to disregard the decision of the court upon questions of law, especially in favor of life, if they are fully satisfied that such decision is wrong. The decision of questions of fact belongs exclusively to the jury, though it is the right, and sometimes the duty of the court to comment upon the evidence, for the purpose of presenting such questions properly to the consideration of the jury.

The mode of reasoning and drawing conclusions from facts and circumstances is the same, whether the case under consideration is a mere contest respecting the rights of property, or one involving the life of an individual; except that, in criminal cases, the accused must be presumed to be innocent, until the contrary is clearly established by proof which leaves no reasonable doubt on the mind.

Sentence of death pronounced by WALWORTH, circuit judge, upon Nelson Thayer, Israel Thayer, Jr., and Isaac Thayer, at the Erie Oyer and Terminer, in April, 1825.

These defendants, Isaac Thayer and Israel Thayer, Jr., were jointly indicted for the murder of John Love; and they consented to be tried together. The counsel for the prisoner, having challenged twenty jurors peremptorily, insisted upon the right to twenty more peremptory challenges; claiming that as there were two more persons on trial, each was entitled to the number of challenges allowed to a person indicted for a capital felony.

The court decided that where two or more persons were tried together, only twenty peremptory challenges could be allowed to all the persons so tried.

The father of the accused had been arrested and examined before a magistrate upon a complaint against him for the same murder. And in the course of the present trial the public prosecutor proposed to prove what Isaac Thayer, one of the persons now on trial, testified to on that examination. The

(a) Vide Hendrickson v. The People, p. 406.

(b) This doctrine is controverted in the case of The People v. Finnegan, p. 147, and The People v. Crozier, p. 453.

counsel for the defence objected to said evidence, on the ground that Isaac Thayer was at the same time under arrest himself for the same murder. But as it appeared from the testimony of the magistrate that Isaac Thayer came forward as a volunteer witness upon the examination of his father, and was not coerced to testify, the court held that he could not now object to the admission, as evidence against himself, of what he stated under oath upon that examination.

Israel Thayer, Jr., the other prisoner on trial, had been examined before the coroner when he and his two brothers, and their father, were all under arrest for the alleged murder The public prosecutor proposed to prove, by the coroner, what this defendant swore to on that examination. This testimony being objected to, the court decided that the examination of the present defendant before the coroner's inquest, not being as to his own guilt, but merely to ascertain if possible who the murderer was, if he could not answer the questions propounded to him without testifying to facts which, in connection with other circumstances, might tend to criminate himself, he should have claimed his exemption at that time. And that having answered the questions propounded to him without objection, the prosecutor had a legal right to give what this defendant then testified to in evidence against him on this trial. The substance of the facts in this case, as made out by the circumstantial evidence upon the trial, and as they were afterwards admitted by the murderers themselves, are referred to in the sentence pronounced by the court.

Walworth, circuit judge, in his charge to the jury remarked that the prisoners were charged with a very aggravated murder. If guilty, and the jury were satisfied of that fact, from the evidence in the case, it was a solemn and imperious duty imposed upon such jury, by the laws of their country, to pronounce a verdict of condemnation. On the contrary, if the jury had any reasonable doubt as to the guilt of the accused it was not only their right but also their duty to give a verdict of acquittal.

He said the reports respecting the circumstances attending

the murder had been so extensive, that it was impossible that the jurors should not have heard many things on the subject before they were sworn to try the accused. But it was their duty to disregard every thing they had ·heard on the subject, either for or against the accused, except what·had been given in evidence upon this trial. He told the jury that, in criminal trials, they had a right to decide both as to the law and the facts of the case. That the court was bound, by the oaths of office of its judges, honestly and impartially to decide the questions of law arising in the case and state them to the jury. But the jury had a right to disregard the decision of the court, upon questions of law, especially in favor of life, if they were fully satisfied that such decision was wrong. And that the decision upon the questions of fact in the case belonged exclusively to the jury; although it was the right, and sometimes the duty of the court, to comment upon the evidence for the purpose of presenting the questions of fact arising in the case, and material to a correct decision thereof, properly to the consideration of the jury.

He said the general principles of evidence were the same in all cases. That they were those principles of correct reason from which an enlightened intellect might be convinced of the existence of a fact which was to be established, or of the nonexistence of a fact which was required to be disproved. That the mode of reasoning and drawing conclusions from facts and circumstances must therefore be the same, whether the case under consideration by the jury was a mere contest respecting the rights of property, or one involving the life of an individual; except that, in criminal cases, the accused must be presumed to be innocent, until the contrary was clearly established by proof which left no reasonable doubt in the minds of the jurors.

His honor then analyzed and examined the testimony in the case at length, and presented the questions of fact necessary to a correct decision of the case to the consideration of the jury. And he then submitted the question, as to the guilt of the accused, to the jury, as one which it belonged exclusively to them to decide

The People v. Thayers.

The jury, after an absence of about one hour, returned a verdict of guilty against both of the prisoners on trial.

*H. B. Potter,* (Dist. Att'y), *Sheldon Smith and Henry Brown,* for the prosecution.

*P. C. Love, E. Griffin and E. B. Allen,* for the defendants.

On the next day Nelson Thayer, the other brother, was tried upon a separate indictment for the same murder, and was also convicted.

WALWORTH, Circuit Judge, thereupon pronounced the following sentence upon the prisoners:

*Nelson Thayer, Israel Thayer, Jr., and Isaac Thayer:* — You have been indicted by the grand jury of this county, for the murder of John Love, at the town of Boston, on the 15th of December last. You have respectively had fair and impartial trials, in which you have been aided by faithful and intelligent counsel. After a patient and deliberate investigation of your several cases by petit juries, they have been constrained and compelled, by their consciences and their oaths, to pronounce each and all of you guilty of a most foul and aggravated murder. Have you, or either of you, anything to say why the sentence of the law should not be pronounced against you? [The prisoners making no response, his honor proceeded as follows:]

The feelings and emotions with which I enter upon the discharge of the solemn and important duty which devolves upon the court, and which I am now about to perform, are too painful to be expressed. To pronounce the dreadful sentence which is to cut a fellow-mortal off from society, to deprive him of existence, and to send him to the bar of his Creator and his God, where his destiny must be fixed for eternity, is at all times, and under any circumstance, most painful to the court. But to be compelled, at one and the same time, to consign to

the gallows three young men, who have just arrived at manhood, standing in the relation to each other of brothers, and connected with others in the tender relations of children, brothers, husbands and fathers, presses upon my feelings with a weight which I can neither resist nor express.

If, in the discharge of this most painful duty which can ever devolve on any court, I should, in portraying the horrid circumstances of this case, make use of strong language to express the enormity of your guilt, and the deep depravity which it indicates, I wish you to rest assured it is not with any intention of wounding the feelings of your relatives, nor for the purpose of adding one pang to your own afflictions which the righteous hand of an offended God is pressing so heavily upon you. But it will be for the purpose, if possible, of awakening you to a proper sense of your awful situations, and to prepare you to meet the certain and ignominious deaths which shortly await you. It is to endeavor, if possible, to soften your hearts and to produce a reformation in your feelings; that, by contrition and repentance, you may be enabled to shun a punishment infinitely more dreadful than any that can be inflicted by human laws — the eternal and irretrievable ruin of your guilty souls.

From the testimony which was given on the trials of your several cases, there is no room to doubt the certainty of your guilt, or the aggravated circumstances attending the perpetration of the bloody deed. The man you murdered was your companion and your friend. He had loaned you money to relieve your necessities and to support some of your families. He was the lenient creditor, renewing and exchanging his judgments and his executions, from time to time, to prevent the sacrifice of your property. He was the lodger of your father, and was frequently enjoying the hospitalities of your own roofs. In the unsuspecting hour of private confidence, you decoyed him to the retired dwelling of Israel Thayer, Jr.; and there, while he was enjoying the hospitality of the social fireside, you stole upon him, unperceived — you aimed the deadly musket at his head, and with the fatal axe you mangled

The People *v.* Thayers.

and murdered your victim — mingling his blood with that of your butchered swine. But your guilt and depravity did no·, stop here. Scarcely had you committed his lifeless corpse to its shallow grave, before you began to collect and to riot upon the spoils of his property. To the crime of murder, you added those of theft, fraud and forgery; and repeatedly imprecated the vengeance of Heaven upon your perjured souls.

The punishment of death has been pronounced against the crime of murder, not only by the laws of all civilized nations, but also by that law which was written by the pen of inspiration under the dictation of the unerring wisdom of the Most High. And as God himself has prescribed the righteous penalty for this offence, so there is strong reason to believe that very few murders are committed which are not ultimately discovered, and the wicked perpetrators thereof brought to merited punishment.

Wretched and deluded men! In vain was the foul deed perpetrated under cover of the darkness of night; in vain was the mangled body of your murdered companion committed to the earth and the lonely grave concealed by rubbish; in vain was the little boy sent home to his mother, and the unsuspecting wife removed from her house, that no human eye should be near, to witness the foul and unnatural murder; in vain did you expect the snows of winter to conceal the grave until the body of your victim could be no longer known and recognized. You forgot that the eye of your God was fixed upon you — the eye of that God who suffers not even a sparrow to fall without his notice. You forgot that you were in the presence of Him to whom the light of day and the darkness of midnight are the same; that He witnessed all your movements; that He could withhold the accustomed snows from falling on the earth, or His breath could melt them when fallen, leaving the grave uncovered, thus exposing you to detection and condemnation. His vengeance has at length overtaken you. The sword of human justice trembles over you and is about to fall upon your guilty heads. You are about to take your final leave of this world, and to enter upon the untried retributions of a never

ending eternity. And I beg of you not to delude yourselves with the vain hopes of pardon, which never can be realized. Your destiny for this world is fixed, and your fate is inevitable. Let me therefore entreat you, individually and collectively, by every motive temporal and eternal, to reflect upon your present situation, and the certain death that shortly awaits you. There is but one who can pardon your offences; there is a Saviour whose blood . is sufficient to wash from your souls the guilty stains even of a thousand murders. Let me therefore entreat you to fly to him for that mercy and that pardon which you must not expect from mortals.

When you have returned to the solitude of your prison, where you will be permitted to remain for a few short weeks, let me entreat you, by all that is still dear to you in time — by all that is dreadful in the retributions of eternity — that you seriously reflect upon your present situation and upon the conduct of your past lives. Bring to your minds all the aggravated horrors of that dreadful night, when the soul of the murdered Love was sent unprepared into the presence of its God, where you must shortly meet it as an accusing spirit against you. Bring to your recollections the mortal struggles and dying groans of your murdered friend. Recollect the horror that seized you while you dragged his murdered remains to the place of concealment. Think of the situation of your aged father to whom you are indebted for your existence. Think of the grief of your distracted and disconsolate mother, who has nursed you in the lap of affection and watched over the tender years of your infancy; who must now go down to her grave sorrowing over the ruins of her family. Think of the dreadful agonies, of the unnatural and desolate widowhoods, to which you have reduced the unfortunate partners of your beds and your bosoms. Think upon your poor orphan children, on whom you have entailed everlasting disgrace and infamy; and who are now to be left, fatherless, and unprotected, to the mercy of the world. And when, by such reflections as these, your hard and obdurate hearts shall become softened, let me again intreat you, before your blood-stained hands are raised in

unavailing supplication before the judgment seat of Christ, that you fly for mercy to the arms of the Saviour and endeavor to seize upon the salvation of his cross.

Listen now to the dreadful sentence of the law, and then farewell, forever, until the court, and you, with all this assembled audience, shall meet together in the general resurrection.

You, and each of you are to be taken from hence to the prison from which you came, and from thence to the place of execution, and there, on the seventeenth day of June next, between the hours of twelve at noon and six o'clock in the afternoon, you are to be hanged by your necks until you are dead.

And may that God whose laws you have broken, and before whose dread tribunal you must then appear, have mercy on your souls.

